FILED
2008 JUN 24 PM 2:43
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
( SAN DIEGO )

| | | |
|---|---|---|
| MANUEL CABRERA ALEJANDRE<br>Plaintiff | : | Case No. 08-CV-0092<br>JLS (RBB) |
| v. | : | **NUNC PRO TUNC**<br>JUN 23 2008 |
| FRED LAWRENCE; LIEUTENANT<br>LINDSTEDT; U.S. MARSHAL<br>DEPARTMENT, et al.,<br>Defendant | : | |

## MOTION TO VOLUNTARILY DISMISS COMPLAINT

NOW COMES the Plaintiff, Manuel Cabrera Alejandre, pro se in the above-captioned matter and respectfully moves, pursuant to Federal Rules of Civil Procedure ("F.R.Civ.P."), Rule 41(a)(1)(i), that he be permitted to voluntarily withdraw, or in the alternative, hold in abeyance, his Complaint under Civil Rights Act, 42 U.S.C. §1983. Plaintiff respectfully refers this Court to the following:

1. On January 15, 2008, the Plaintiff, a federal inmate currently incarcerated at Federal Correction Institution located Petersburg, Virginia and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. §1983.

2. In his Complaint, Plaintiff alleges that his constitutional rights were violated when he was housed at the san Diego Correctional facility which is operated by a private entity known as Correctional Corporation of America.

3. No action shall be brought with respect to prison conditions under 42 U.S.C. §1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

4. Plaintiff avers the applicability of the administrative remedy process; however, due to his impromptu transfer within the Bureau of Prisons and consequent time in transit he was unable to complete the administrative remedy process.

5. On May 20, 2008, Plaintiff's Complaint was dismissed without prejudice for failing to state a claim upon which relief may be granted. However, Plaintiff was granted forty-five (45) days in which to file a First Amended Complaint curing all the deficiencies from the original Complaint. (Please see copy of the Court's Order attached hereto).

6. F.R.Civ.P., Rule 41 preserves unqualified right of the Plaintiff to a dismissal, or in the alternative, held in abeyance without prejudice prior to the defendant's answer.

7. Moreover, the general purpose of Rule 41(a) is to preserve the right to take voluntary non-suit and start over so

long as defendant is not prejudiced.

8. Plaintiff apologizes for any inconvenience caused on the Court and avers that this motion is submitted in good faith and in no way a dilatory tactic by the Plaintiff.

9. No previous application for relief has been sought regarding this matter.

WHEREFORE, for the reasons articulated herein, the Plaintiff respectfully requests that this Court hold his Complaint in abeyance pending his exhaustion of the administrative remedy process.

Respectfully submitted,

*Manuel Cabrera*
Manuel Cabrera Alejandre
Plaintiff in pro se
FIN 09376-097
FCC-Petersburg, Low
Lee Hall
P.O. Box 1000
Petersburg, VA 23804-1000

Dated: 6/19/08

(3)

Case: 3:08-cv-00092-JLS-RBB    Document #: 6-1    Date Filed: 05/20/2008    Page 1 of 8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CABRERA ALEJANDRE, BOP #09376-097,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>FRED LAWRENCE; LIEUTENANT LINDSTEDT; U.S. MARSHAL DEPARTMENT, et al.,<br><br>　　　　　　　　　Defendants. | Civil No.  08-0092 JLS (RBB)<br><br>ORDER:<br><br>(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 3];<br><br>(2) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND<br><br>(3) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b) |

　　　Plaintiff, a federal inmate currently incarcerated at the Federal Correctional Institution, located in Petersburg, Virginia and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that his constitutional rights were violated when he was housed at the San Diego Correctional Facility which is operated by a private entity known as Correctional Corporation of America ("CCA").

///

Exhibit "A"

1   Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), but has instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], along with a Motion to Appoint Counsel [Doc. No. 3].

**I.   Motion for Appointment of Counsel [Doc. No. 3]**

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**II.  Motion to Proceed IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

///
///

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. The Court has now reviewed Plaintiff's trust account statement and finds that Plaintiff has insufficient funds from which to pay any initial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Warden of the Federal Correctional Institution to garnish the $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

///

///

Case 3:08-cv-00092-JLS-RBB    Document 8    Filed 06/24/2008    Page 7 of 14

**III.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to Fed.R.Civ.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A. Plaintiff's 1983 Complaint must be construed as a *Bivens* action.

It is clear that Plaintiff is unable to state a claim as to any named defendant pursuant to 42 U.S.C. § 1983. There is no valid basis for a claim under section 1983, in that Plaintiff's allegations are against federal and "private" officials acting under color of federal law. Section 1983 provides a remedy only for deprivation of constitutional rights by persons acting under color of *state* law. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). Thus, when a plaintiff seeks damages for violation of his constitutional rights by a federal actor, "the only possible action is an action under the authority of" *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (establishing that constitutionally protected interests may be vindicated through a suit for damages against persons acting under color of federal law by invoking the general federal question jurisdiction of the federal courts). *See Daly-Murphy*, 837 F.2d at 355.

In *Bivens*, the Supreme Court granted victims of constitutional violations by federal agents the right to recover damages in federal court. *Bivens*, 403 U.S. at 397. Here, Plaintiff seeks damages for constitutional violations by employees of CCA, a corporation contracted to provide security services at the San Diego Correctional Facility, as well as the United States Marshall. (*See* Compl. at 2.) Thus, the Court will construe Plaintiff's section 1983 action as one brought pursuant to *Bivens*.

### B. *Bivens* claims

Plaintiff alleges that his Eighth Amendment rights were violated by Defendant Lawrence, Warden for CCA, and Defendant Lindstedt, a Lieutenant. (*Id.* at 3-4.) "*Bivens* established that compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States

was violated, and (2) that the violation was committed by a federal actor. *Id.*; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).

*Bivens* does not provide a remedy for alleged wrongs committed by a private entity alleged to have denied Plaintiff's constitutional rights under color of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose of *Bivens* is to deter *the officer*,' not the agency.") (quoting *FDIC v. Meyer*, 510 U.S. 471, 485 (1994)); *Malesko*, 534 U.S. at 66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to private entities."). Additionally, a *Bivens* action can only be brought against federal agents for unconstitutional acts alleged to have been taken in their *individual* capacities. *Meyer*, 510 U.S. at 486 (holding that a *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity); *Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir. 2000) (holding that plaintiff suing under *Bivens* "cannot state a claim against the federal officers in their official capacities unless the United States waives its sovereign immunity."); *Vacarro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity.") (citing *Daly-Murphy*, 837 F.2d at 355).

First, to the extent that Plaintiff is seeking to hold the United States Marshal's Office liable as a Defendant, he has failed to state a claim. Only individual persons alleged to have violated the Plaintiff's constitutional rights may be named as parties in a damages action pursuant to *Bivens*. *See Lawrence v. United States*, 340 F.3d 952, 954 n.1 (9th Cir. 2003) (noting that *Bivens* authorizes the filing of an action only against individual federal employees by a citizen suffering a compensable injury to a constitutionally protected interest); *see also FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (holding that an individual may not bring a *Bivens* claim for damages directly against a federal agency).

Accordingly, Plaintiff's claims against the United States Marshal are DISMISSED for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

////

Second, to the extent Plaintiff is seeking to hold Defendant Lawrence, as Warden for the CCA, liable in his supervisory capacity, his claims must be dismissed. *Bivens*, like § 1983, does not authorize suits predicated on a respondeat superior theory. *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent he personally participated in or directed the Defendants' actions, and (2) that the Director himself failed to prevent a violation of Plaintiff's Constitutional rights. *Taylor*, 880 F.2d at 1045.

Accordingly, Plaintiff's claim against Defendant Lawrence based on supervisor liability is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27.

Thus, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### III. Conclusion and Order

1. Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED**, without prejudice.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3. The Warden of Federal Correctional Institution, in Petersburg, Virginia, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this order on the Warden, Federal Correctional Complex, FCI Petersburg Low, P.O. Box 90026, Petersburg, Virginia 23804.

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6. The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: May 20, 2008

Honorable Janis L. Sammartino
United States District Judge